# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RANDAL N. WIIDEMAN,

    Plaintiff,

v.

SGT. YAQUB MUSTAFAA, *et al.*,

    Defendants.

Case No. 2:09-CV-00096-KJD-RJJ

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss and for Summary Judgment (#71). Plaintiff filed a response in opposition (#73) to which Defendants replied (#77). Also before the Court is Plaintiff's Countermotion for Summary Judgment (#74). Defendants filed a response in opposition (#75).

I.  Facts

    Randal N. Wiideman is an inmate currently incarcerated with the Nevada Department of Corrections at High Desert State Prison in Ely, Nevada. Plaintiff's Amended Complaint asserts three causes of action for violations of his First Amendment rights. First, on or about July 12, 2007, when Plaintiff was incarcerated at Southern Desert Correctional Center, Plaintiff was removed from the general population and placed in administrative segregation. Plaintiff then filed a civil rights complaint in state court. On or about August 1, 2007, Plaintiff sent Defendants Cheryl Burson

("Burson") and Warden Brian Williams ("Williams") a copy of the civil rights complaint and a waiver of service and summons.  The complaint asked for property liens and wage garnishment pursuant to "NRS Chap. 31".  As seen in the Amended Complaint and Plaintiff's pleadings, Wiideman sent it with a note stating that he did not want to pursue the complaint, but merely wanted to know why he had been put in administrative segregation.  However, as demonstrated in the Notice of Charges, Plaintiff threatened to proceed with wage garnishment and property liens if he was transferred from Southern Desert Correctional Center.

Plaintiff alleges that Williams and Burson then came to his cell, and Williams said, "So you're going to sue me and Cheryl Burson, we'll see about that."  Plaintiff was then removed from his cell while his cell and personal belongings were searched.  Plaintiff was then charged with threats and attempt to compromise staff.  Defendant Mustafaa was the hearing officer on the charges, found Wiideman guilty and imposed 180-days in disciplinary segregation.  Wiideman appealed to Defendant Cox and appealed by letter to Defendant Skolnik, both of whom denied him relief.

In another incident, asserted in the second cause of action, Wiideman sent a letter to his nephew whom Wiideman describes as an investigator.  The letter encourages his nephew to eschew "peaceable" and "intelligent solutions" and to "employ [his] alternate skills and abilities" to reach "alternate resolution".  The letter was addressed to Tony Luciano, but was returned to the prison mail room as unable to forward by the post office.  Wiideman had often made it known to prison officials that his family had connections with organized crime.  Plaintiff was charged with threats and unauthorized use of equipment or mail.  He was found guilty and disciplined.

In the third cause of action, Plaintiff asserts that he was charged on November 8, 2007 for having contraband, a weather map torn from a *USA Today* newspaper, in his cell while in disciplinary segregation.  Wiideman was found guilty of possessing contraband and sanctioned to one-hundred twenty (120) days in segregation.  Wiideman asserts that the map was not contraband and was not torn out of the newspaper when it was removed from his cell.

In each count, Plaintiff alleges either retaliation for exercising his First Amendment rights or violation of his First Amendment rights. Defendants have now moved for summary judgment on all of Plaintiff's claims.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

3

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

    A.  First Amendment Retaliation

A First Amendment retaliation claim in the prison context consists of five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Courts "should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 2005)(quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The party asserting retaliation bears the burden of proving the absence of a legitimate correctional goal. Id. at 806.

Plaintiff's first claim for relief while initially appearing to be the most viable must fail because of the manner in which he communicated his intention to seek redress through the courts. Plaintiff, as asserted in his complaint, was not punished for filing a civil rights lawsuit. Plaintiff was punished for threatening prison officials with wage garnishment and property liens unless he was not transferred. Therefore, the prison officials had a legitimate correctional goal when they instituted charges against Plaintiff and punished him. Inmates cannot be allowed to use threats, even threats of litigation and judgment, in order to manipulate prison staff and officials to an end not related to the litigation, in this case, Plaintiff's desire not to be transferred.

Similarly, Plaintiff's second cause of action based on his discipline for the letter to his nephew must also be dismissed. Here, though Plaintiff's writing was more esoteric, he clearly wanted to imply a threat of violence. There is no constitutional right for an inmate to send

4

1  threatening letters.  See generally, Thornburgh v. Abbott, 490 U.S. 401, 411-14 (1989)(mail that
2  violates postal regulations because it contains threats, blackmail or contraband might reasonably be
3  disallowed).  Therefore, Plaintiff's second claim for relief must be dismissed.
4     Additionally, Plaintiff's claims fail because he cannot show that his First Amendment rights
5  have been chilled.  Plaintiff has filed at least fifteen new civil actions in the District of Nevada since
6  he was disciplined.  See 2:09-cv-00096; 2:09-cv-00097; 2:09-cv-00507; 2:09-cv-00596; 2:09-cv-
7  00597; 2:09-cv-00598; 2:09-cv-00718; 3:09-cv-00650; 3:09-cv-00704; 3:09-cv-00750; 3:10-cv-
8  00152; 3:10-cv-00186; 3:10-cv-00220; 3:10-cv-00224; 3:10-cv-00224.  Furthermore, the record is
9  replete with evidence of letters Plaintiff has sent demanding investigation and asking others to
10  initiate investigations of the prison staff.  Therefore, Plaintiff cannot show that his First Amendment
11  rights have been chilled.
12     Plaintiffs' third cause of action asserting that he was punished for having the weather map in
13  his cell must also be dismissed.  While newspapers are authorized, Administrative Regulation
14  defines contraband as any authorized item that has been altered.  See AR 711.  If prisoners were
15  allowed to alter authorized items, prison officials would lose control of what was and was not
16  allowed in the cells.  Since inmates are limited in the amount of books and magazines (newspapers)
17  they are allowed to keep in their cell, allowing them to rip out pages or portions to exceed the limit
18  would eventually result in a lack of institutional control.  Therefore, a legitimate penological reason
19  exists for the rule and discipline.  Finally, since Plaintiff has admitted that he still receives the
20  newspaper, he cannot show that his First Amendment right has been chilled.
21  IV.  Conclusion
22     Accordingly, IT IS HEREBY ORDERED that is Defendants' Motion to Dismiss and for
23  Summary Judgment (#71) is **GRANTED**;
24  ////
25  ////
26  ////

1  IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants
2 and against Plaintiff.

3  DATED this 30th day of March 2011.

_____
Kent J. Dawson
United States District Judge